## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SCOTT MERCIER**<br>56 Maple Park Heights<br>Rochester, New York 14625<br><br>Plaintiff,<br><br>*Individually and on Behalf of All Similarly Situated Employees*<br><br>v.<br><br>**PAYCHEX, INC.**<br>911 Panorama Trail South<br>Rochester, New York 14625<br>Serve: C T Corporation System<br>       28 Liberty St.<br>       New York, NY 10005<br><br>Defendant. | Civil Action No:<br><br>Collective Action Claim<br><br>Class Action Claim<br><br><u>Jury Trial Requested</u> |

## COLLECTIVE ACTION COMPLAINT FOR WAGES OWED

Plaintiff Scott Mercier ("Plaintiff"), on behalf of himself and all other similarly situated employees, by and through his undersigned counsel and The Law Offices of Peter T. Nicholl, hereby submits his Complaint against Paychex, Inc. ("Defendant"), to recover unpaid wages, liquidated damages, interest, reasonable attorneys' fees and costs under Section 16(b) of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* (hereinafter, "FLSA"); unpaid wages, liquidated damages, interest, reasonable attorneys' fees and costs under the New York Minimum Wage Act, Labor Law § 650, *et seq.* and the New York Wage Payment Act, Labor Law § 190, *et seq.*, (collectively, the "NYLL"); and in support thereof, states as follows:

## INTRODUCTION AND BACKGROUND

Defendant is a human resources services company headquartered in Rochester, New York. Defendant operates in multiple states and maintains over one hundred (100) offices across the country. Plaintiff and other similarly situated employees were hired by Defendant to assist its clients with their payroll and benefits services. Plaintiff and others similarly situated were all given the title of Implementation Coordinator.

Defendant failed to properly compensate Plaintiff and other Implementation Coordinators for all hours worked. Defendant completed this illegal act by failing to pay Plaintiff and other similarly situated employees for the work they performed during their lunch breaks. Defendant also failed to compensate its Implementation Coordinators for the work they performed before and after their shifts, as well as on weekends.

Because Plaintiff and others similarly situated were full-time employees, working through their breaks and outside of their scheduled hours caused them to consistently work over forty (40) hours a week. Because they were not credited for this time worked, they were regularly denied overtime wages.

## JURISDICTION AND VENUE

1. Original jurisdiction in this Honorable Court is expressly provided by FLSA, 29 U.S.C. § 207, *et seq*.

2. Pursuant to 28 U.S.C. § 1331, this Court also has subject matter jurisdiction, as this action is brought under the FLSA, 29 U.S.C. § 201, *et seq*.

3. Pursuant to 28 U.S.C. § 1391, venue is proper in the United States District Court, Western District of New York. Defendant's corporate headquarters and principal place of business are located in this district. Defendant also employs members of the proposed collective class and transacts business in the Western District of New York. A substantial part of the events or

omissions giving rise to the claims also occurred in this district.

## PARTIES

4. Defendant Paychex, Inc. ("Defendant") is a corporation registered in Delaware.

5. Defendant maintains its corporate headquarters in Rochester, New York.

6. Defendant conducts business throughout the United States.

7. Defendant has offices in Alabama, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Georgia, Illinois, Indiana, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Missouri, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, Tennessee, Texas, Utah, Virginia, Washington and Wisconsin.

8. Due to the nature of its business, Defendant is subject to the FLSA and NYLL.

9. Due to the amount in revenues generated, Defendant is subejct to the FLSA and NYLL; Defendant's annual dollar volume of business exceeds five hundred thousand dollars ($500,000.00).

10. From approximately June 2008 to January 2018, Plaintiff was employed by Defendant as an Implementation Coordinator.

11. Plaintiff is an adult resident of the State of New York.

12. During the relevant employment period, Plaintiff worked from Defendant's office in Rochester, New York.

13. At all relevant times, Plaintiff was Defendant's employee, as this term is defined within the FLSA, 29 U.S.C. § 203.

14. Pursuant to the FLSA, 29 U.S.C. § 203(d), at all relevant times to this Complaint, Defendant met the definition of an "employer" and has engaged in interstate commerce and/or the

production of goods for commerce.

15. At all times relevant, Plaintiff engaged in interstate commerce by the nature of the duties he performed as part of his employment with Defendant.

16. At all times relevant to this Complaint, Defendant controlled the administration of its business and set employee schedules, including those of Plaintiff and other similarly situated employees.

17. Defendant's agents were, individually and together, actively engaged in the management and direction of Plaintiff and other Implementation Coordinators.

18. Defendant possessed and exercised the authority to determine the hours worked by Plaintiff and others similarly situated.

19. Defendant had the power and authority to control the nature of the duties performed by Plaintiff and other similarly situated employees.

20. Plaintiff and members of the putative class recognized Defendant's authority and obeyed Defendant's instructions.

21. Defendant made all decisions relating to Plaintiff's and other Implementation Coordinators' rates and method of pay.

## FACTUAL ALLEGATIONS FOR ALL CLAIMS

22. Defendant offers a wide variety of human resources services and software designed to meet its clients' payroll and benefits needs.

23. To assist its clients, Defendant employs Implementation Coordinators at its offices nationwide.

24. Plaintiff's and other Implementation Coordinators' duties centered on providing non-technical support and routine customer service. They primarily served as liaisons between Defendant's clients and the development teams responsible for implementing Defendant's

products.

25. Plaintiff and other Implementation Coordinators were scheduled to receive calls from clients at every hour throughout their workday. They were responsible for maintaining routine communications with clients for purposes of answering any questions they had. This primarily consisted of conveying general information in reference to a client's service plans and providing updates regarding all service requests.

26. Any time they were assigned a new client, Plaintiff and other Implementation Coordinators were required to schedule a "welcome call" within twenty-four (24) hours. Plaintiff and other Implementation Coordinators were required to follow a script and discuss certain topics on each call.

27. Plaintiff and others similarly situated were also required to respond to any customer inquiries within twenty-four (24) hours. Said inquiries typically consisted of routine requests for status updates or questions related to Defendant's products. Plaintiff and other Implementation Coordinators were required to respond with information regarding a customer's inquiries.

28. The focus of Plaintiff and other Implementation Coordinators' tasks was customer service. Because of this focus, Plaintiff and other Implementation Coordinators were scheduled to meet customers at all times throughout their day. They had to accept the times they were given, regardless of whether these calls were scheduled during their lunchbreaks.

29. In order to meet Defendant's expectations that they were to be in constant contact with clients, it was also routine for Plaintiff and other Implementation Coordinators to communicate with clients before and after their scheduled shifts, as well as on weekends. They had to ensure they were always available to tend to client's needs.

30. Plaintiff and other similarly situated Implementation Coordinators were all paid an

hourly rate.

31. During his time as an Implementation Coordinator, Plaintiff was paid an hourly rate of approximately twenty-four dollars and sixty cents ($24.60).

32. Plaintiff and other Implementation Coordinators were scheduled to work forty (40) hours each week. They were scheduled to work five (5) days a week, Monday through Friday. However, the hours they actually worked far exceeded this schedule.

33. Due to the sheer number of projects they had to handle, Plaintiff's and other Implementation Coordinators' workload was extreme. Serving as the liaisons for all of these projects resulted in them having to communicate with clients at all times throughout their day.

34. Having to always remain available to answer customer inquiries routinely prevented Plaintiff and other Implementation Coordinators from taking a break. The strict deadlines imposed by Defendant in regard to when Plaintiff and other Implementation Coordinators had to respond to each inquiry also forced them to routinely work outside of their scheduled hours.

35. Understaffing contributed to Plaintiff and others similarly situated having to work more hours than they were scheduled. Over time, Defendant's volume of business substantially increased. With this increase, Plaintiff's and other Implementation Coordinators' workload doubled. However, Defendant failed to provide an adequate number of personnel to meet the demands of its business. This includes not staffing the requisite number of Implementation Coordinators to meet its clients' needs.

36. As a result, Plaintiff and others similarly situated employees' workload substantially increased. Due to the demands of their workload, it was common for Plaintiff and others similarly situated to work straight through their shifts. The volume of their assignments also

caused them to consistently perform even more work before and after their scheduled shifts.

37. Due to all of these conditions, Plaintiff and others similarly situated worked well over forty (40) hours each week. Working overtime was integral to their employment.

38. Plaintiff and other similarly situated Implementation Coordinators should have been paid ("time-and a-half") their regular rate of pay for all hours worked over forty (40) in workweek. However, they failed to receive all of their wages.

39. Defendant instructed Plaintiff and other Implementation Coordinators to not record the time they spent working during their breaks. They were also instructed not to record the time they spent working before and after their shifts and on weekends. Defendant consistently refused to pay Plaintiff and other similarly situated employees for this time.

40. Defendant would also reduce the number of hours that Plaintiff and other Implementation Coordinators recorded working. This was done for the purpose of minimizing the number of overtime hours that Plaintiff and other Implementation Coordinators reported working each week.

41. There is no bona fide dispute that Plaintiff and other similarly situated employees are owed overtime wages for all hours worked over forty (40) in a workweek.

42. The duties performed by Plaintiff and others similarly situated did not implicate any exemptions contained within the FLSA or NYLL.

43. Defendant knew of the excessive overtime hours worked by Plaintiff and its other Implementation Coordinators.

44. Defendant's upper management officials were well aware that Plaintiff and other Implementation Coordinators had to consistently work well over forty (40) hours a week to complete their assigned tasks.

45. Defendant knew that Plaintiff and other Implementation Coordinators failed to receive proper compensation due to not recording all their work hours each week.

46. Defendant knew that Plaintiff and other Implementation Coordinators were denied overtime compensation as a result of its agents reducing the number of hours they reported working.

## FLSA COLLECTIVE ACTION FACTUAL ALLEGATIONS

47. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings this action on behalf of himself and all other similarly situated employees.

48. Plaintiff and all those similarly situated worked as hourly Implementation Coordinators (or in other positions with similar job duties) for Defendant.

49. As Implementation Coordinators, Plaintiff and the FLSA collective are or were employed by Defendant within the meaning of the FLSA.

50. Plaintiff and other similarly situated Implementation Coordinators were consistently required to work "off-the-clock."

51. The proposed FLSA collective class is defined as:

> All persons who work or worked as hourly Implementation Coordinators or in other positions with similar job duties for Defendant at any time during the last three (3) years prior to the filing of this Complaint through the entry of judgment (the "FLSA collective").

52. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented to be a part of this action. Plaintiff's signed consent form is attached as **Exhibit A**. As this case proceeds, it is likely that additional individuals will file consent forms and join as "opt-in" Plaintiffs.

53. At all times relevant to this Complaint, Plaintiff and other members of the FLSA collective worked as non-exempt employees eligible for overtime pay.

54. The duties assigned to Plaintiff and other similarly situated employees do not satisfy the duties tests contained within any of the exemptions specified in the FLSA.

55. Defendant operated under a common policy of suffering, permitting and/or requiring Plaintiff and the FLSA collective to work unpaid overtime hours.

56. Defendant knew, or should have known, that Plaintiff and the FLSA collective routinely worked unpaid overtime hours.

57. Defendant imposed time limits and caseload requirements that resulted in Plaintiff and the FLSA collective to work excessive hours.

58. Plaintiff and the FLSA collective regularly worked over forty (40) hours per workweek to meet Defendant's production requirements.

59. Defendant failed to pay Plaintiff and the FLSA collective for the overtime hours they worked.

60. Defendant's unlawful conduct was widespread, repetitious and consistent, affecting Plaintiff and all members of the FLSA collective equally.

61. Defendant's conduct was willful and in bad faith.

62. Defendant's conduct has caused significant damages to Plaintiff and the FLSA collective.

63. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA collective.

64. There are numerous similarly situated current and former employees of Defendant who have been denied proper overtime compensation, in violation of the FLSA.

65. These similarly situated employees would benefit from the issuance of court-supervised notice of this lawsuit by providing an opportunity to join.

66. Notice of this action should be sent to all similarly situated Implementation Coordinators.

67. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## CLASS ACTION ALLEGATIONS UNDER NEW YORK LABOR LAW

68. Pursuant to Rule 23(b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of himself and other current and former employees who worked for Defendant as hourly Implementation Coordinators in New York.

69. The class Plaintiff seeks to represent is defined as:

> All individuals who are or were employed by Defendant as hourly Implementation Coordinators and/or in similar positions in the state of New York and who have been denied overtime and meal and rest period compensation as required by the respective state labor laws and implementing regulations at any time within six (6) years prior to the filing date of this action through the date of final disposition.

70. The proposed class is so numerous that joinder of all members is impracticable. During the relevant period, Defendant employed dozens of Implementation Coordinators in the state of New York.

71. The claims of the named Plaintiff are typical to the members of the proposed class. The named Plaintiff and those similarly situated regularly worked more than forty (40) hours per week, including working through meal and rest periods, and were denied overtime compensation. Each member of the class was periodically required to work through their lunchbreaks and not compensated for this time. Each member of the class was required to work off-the-clock in order to meet unrealistic goals related to client service. As a result, each and every class member suffered the same harm.

72. Each class member's claim is controlled by New York's wage and hour statutory scheme and one set of facts. Pursuant Fed. R. Civ. P. 23(b)(3), questions of law and fact are common to the class and predominate over any individual questions. Such common questions of law and fact include, but are not limited to, whether the Rule 23 Class is similarly situated because they all performed the same basic duties and were subject to Defendant's common policy and practice of not paying them overtime; and whether Defendant violated NYLL by failing to pay Plaintiff and the class overtime compensation for hours worked in excess of forty (40) hours per workweek.

73. Pursuant to Fed. R. Civ. P. 23(b)(1)(A), a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources and incentives to prosecute separate lawsuits against their employer. The damages suffered by the individual class members are small compared to the expense and burden of individual prosecutions of this litigation. Prosecuting hundreds of identical, individual lawsuits would not promote judicial efficiency or equity, nor result in consistent results. Class certification will eliminate the need for duplicate litigation.

74. Pursuant to Fed. R. Civ. P. 23(b)(2), Defendant has acted, or has refused to act, on grounds generally applicable to the Rule 23 class, thereby making appropriate final injunctive relief, or corresponding declaratory relief, with respect to the class as a whole.

75. Plaintiff will fully and adequately protect the interests of the class. Plaintiff seeks the same recovery as the class, predicated upon the same violations of law and the same damage theory. Plaintiff has retained counsel who are qualified and experienced in the prosecution of

statewide wage and hour class actions. Neither Plaintiff nor his counsel have interests that are contrary to, or conflicting with, the interests of the class.

## CAUSE OF ACTION

### *COUNT I – Violation of the FLSA: Failure to Pay Overtime Wages to Plaintiff and the FLSA Collective*

76. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

77. The FLSA, 29 U.S.C. § 207 requires employers to pay all non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) per workweek.

78. Plaintiff and the FLSA collective are non-exempt employees entitled to FLSA overtime compensation for all hours worked in excess of forty (40).

79. Plaintiff and the FLSA collective work(ed) in excess of forty (40) hours per week, but did not receive appropriate overtime compensation.

80. Defendant failed to accurately record the actual hours worked by Plaintiff and the FLSA collective.

81. Defendant willfully and intentionally failed to compensate Plaintiff and the FLSA collective for the overtime hours they worked.

82. There is no *bona fide* dispute that Plaintiff and other similarly situated employees are owed overtime wages for the work they performed for Defendant.

83. The foregoing conduct constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

84. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and those similarly situated have suffered and will continue to suffer a loss of income and other damages.

## COUNT II – Violation of the New York Labor Law: Failure to Pay Overtime Wages to Plaintiff and the Rule 23 Class

85. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

86. Pursuant to the New York Labor Law, each employer shall pay all non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) per workweek.

87. Plaintiff and the Rule 23 class are non-exempt employees entitled to overtime compensation for all hours worked in excess of forty (40).

88. Plaintiff and the proposed Rule 23 class work(ed) in excess of forty (40) hours per week, but did not receive the appropriate overtime compensation from Defendant.

89. Defendant unlawfully compensated Plaintiff and the class by refusing to pay them for all hours worked over forty (40) in a workweek.

90. Defendant willfully and intentionally failed to compensate Plaintiff and the rule 23 class for the overtime hours they worked.

91. There is no *bona fide* dispute that Plaintiff is owed overtime wages for the work he performed for Defendant.

92. Defendant acted willfully and with reckless disregard of clearly applicable provisions of the NYLL.

93. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the class have suffered and will continue to suffer a loss of income and other damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and all others similarly situated, prays for the following relief:

A. Designation of this action as a collective action on behalf of Plaintiff and those similarly situated;

B. Pursuant to 29 U.S.C. § 216(b), prompt issuance of notice to all those similarly situated apprising them of the pendency of this action and permitting them to assert timely FLSA claims by filing individual consent forms.

C. Designation of this action as a class action on behalf of Plaintiff and all members of the proposed state classes;

D. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

E. Judgment that Defendant's failed to pay Plaintiff and similarly situated employees in accordance with the standards set forth by the FLSA and the NYLL;

F. Judgment that Defendant's violations were willful;

G. Judgment that Defendant failed to maintain accurate time records of all the hours worked by Plaintiff, in violation of the FLSA;

H. An award in an amount equal to Plaintiff's and the similarly situated employees' unpaid back wages at the applicable overtime rate;

I. An award to Plaintiff and those similarly situated for the amount of unpaid wages owed, liquidated damages and other penalties provided by law and interest thereon;

J. An award of prejudgment interest to the extent liquidated damages are not awarded;

K. Pursuant to 29 U.S.C. § 216 and/or other applicable laws, an award of reasonable attorneys' fees and costs to be satisfied in full by Defendant; and

L. All further relief deemed just and equitable by this Honorable Court.

## **REQUEST FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and the FLSA collective request that a jury of their peers hear and decide all possible claims.

Respectfully submitted,

*Benjamin L. Davis, III*
**THE LAW OFFICES OF PETER T. NICHOLL**
Benjamin L. Davis, III
bdavis@nicholllaw.com
Kelly A. Burgy
kaburgy@nicholllaw.com
36 South Charles Street, Suite 1700
Baltimore, MD 21201
Telephone: (410) 244-7005

**ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE FLSA COLLECTIVE CLASS**